

RECEIVED

JUN 0 9 2013

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

THOMAS G BRUTON
CLERK, U S DISTRICT COURT

| | |
|---|---|
| BENYEHUDA WHITFIELD, <br> Plaintiff, <br><br> V. <br><br> LESTER FINKLE, Assistant Cook County <br> Public Defender, <br> LUCIANO PANICI, Judge, <br> DOUGLAS J. SIMPSON, Judge, <br> COOK COUNTY, ILLINOIS, <br> COOK COUNTY PUBLIC DEFENDER'S <br> OFFICE, <br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) |

**13 CV 4910**
**JUDGE NORGLE**
**MAGISTRATE JUDGE ROWLAND**

## COMPLAINT PURUANT TO 42 U.S.C. SEC. 1983 AND PENDENT PARTY STATE LAW CLAIMS PURSUANT TO 28 U.S.C. SEC. 1367 (a)

NOW COMES Plaintiff, BENYEHUDAH WHITFIELD, pro se, and hereby

submits this complaint and in support states the following:

### NATURE OF ACTION, JURISDICTION AND VENUE

This is a 42 U.S.C. Sec. 1983 Complaint, arising under the Civil Rights Act of

1964 and 1968 in which Plaintiff is alleging that his Fourteenth Amendment right

to due process and Sixth Amendment rights of the United States Constitution was

violated. This action also includes pendent party state-law claims under the theory of respondent superior, official misconduct and custodial negligence.

Plaintiff submits that on December 7, 1994, he was arrested and charged with home invasion in Cook County, IL, in the city/suburb of Homewood (see Order of Sentence, Attachment #1). The case number under which he was prosecuted is 95 C6-60000-01. During the process of prosecution, Plaintiff was held in custody in the County of Cook (Cook County Jail and Circuit Court of Cook County, IL . On July 28th, 1999, Plaintiff agreed to a 25 year IDOC sentence in exchange for his plea of guilty to the home invasion charges, which was a negotiated plea agreement made between him and the State; and the court ordered that Plaintiff receive day-for day good conduct credit. Attached hereto (as Attachments 4-15) is a copy of the transcript of the "Change of Plea" (sentencing hearing) of July 28, 1999. Prior to accepting the plea agreement for the home invasion charge, On October 2, 1996, Plaintiff had accepted a three year sentence as part of a plea agreement for unrelated charges of aggravated battery. Attached hereto (as Attachment #16-30) is a copy of the Report of Proceedings of October 2, 1996. Neither one of the plea agreements included an additional term Plaintiff had to serve on MSR after completing the sentences he agreed to serve in exchange for his guilty pleas. Furthermore, Plaintiff did not know that he would

2

be required to serve an additional term after completing the sentences he agreed

to serve in exchange for his guilty pleas. Nevertheless, sometime after completing

the twenty-eight year sentence, he was told that would have to complete another

term by being on MSR for three years. On September 8, 2009, Plaintiff submitted

to the Circuit Court of Cook County, IL, Sixth Municipal District, Criminal Division,

a habeas corpus petition (Attachment 31); and he challenged the

unconstitutionality of his custody by alleging that his right to due process was

being violated based on the fact that he was being denied the benefit of the plea

bargain made between he and the State and requested as relief his immediate

release from prison/custody. The case was assigned to the Honorable Douglas J.

Simpson (Judge Simpson); who, after examining Plaintiff's petition and the July

28th, 1999 transcript of the "Change of Plea" proceeding, concluded that Plaintiff

would still be required to serve the three year MSR term, even though the court

had clearly failed to admonish plaintiff regarding a requirement to serve the

additional three year sentence term on MSR after completing sentence he agreed

to serve as part of the negotiated plea agreement for the home invasion charge.

Attached hereto (as Attachments 34-39) is a copy of the Report of Proceeding in

which Judge Simpson denied the Plaintiff's petition (id.). Further, in reaching his

conclusion, Judge Simpson amended the Order of the Mittimus to include the

3

additional three year MSR term (id. at 36-37), even though the court did not have

jurisdiction to do so. Plaintiff filed a motion to reconsider on December 30th, 2009

(Attachment 33) which went before the Honorable Luciano Panici (Judge Panichi),

who denied the motion (id.). Plaintiff filed a timely notice of appeal, which went

before the Honorable Marjorie C. Laws (Judge Laws), who appointed the Office of

the Cook County Public Defender to represent Plaintiff on appeal. State Appellant

Defender Lester Finkle was assigned to the case (Attachments 40-48); and, after

completely examining the pertinent record of the matter, Mr. Finkle filed a Finley

motion in which alleged that there was no issue(s) of merit to present to the

appellate court and requested that he be permitted to withdraw from the case

and the motion was granted (id.). On December 8th, 2010, the Appellate Court

granted the motion filed by Mr. Finley (Attachment 49-50). Plaintiff ultimately

ended up having to serve an additional year and a half in prison based on before

being discharged. He was never released on MSR; so the 3 years he would have

had to serve on MSR in outside of prison was cut in half.

Because Plaintiff is alleging in this action that his rights to due process

were violated, and is also alleging pendent party state-law claims, this Court/;has

jurisdiction over this matter pursuant to 28 U.S.C. Sec(s) 1331, 1332, 1343 and 28

U.S.C 1367(a). Furthermore, because the acts alleged in this action were

committed in Cook County, Illinois, by persons who at all times material to this

matter resided in Cook County, Illinois, venue is proper in this United States

District Court for the Northern District of Illinois, Eastern Division.

## **PARTIES**

1.      Plaintiff, BEN Y. (YEHUDAH) WHITFIELD, is currently a resident of

Chicago, in Cook County, Illinois; but, during all times material to this matter, was

in the custody of Cook County Jail, in Chicago, Illinois, Markham Courthouse and

the Illinois Department of Corrections.

2.      Defendant, LESTER FINKLE, during all times material to this matter,

was an Appellate Defender for the Illinois Cook County Public Defender's Office

and represented Plaintiff during a period of time while this matter was before the

Illinois Appellate Court regarding a habeas corpus petition Plaintiff had filed, and

was denied, in criminal court.

3.      Defendant, LUCIANO PANICI, during all times material to this matter,

was acting in his official capacity of a judge for the Circuit Court of Cook County,

Illinois, 6th Municipal District, Criminal Division (Markham Courthouse in

Markham, Illinois).

4.    Defendant, DOUGLAS J. SIMPSON, during all times material to this matter, was acting in his official capacity of a judge for the Circuit Court of Cook County, Illinois, 6th Municipal District, Criminal Division (Markham Courthouse).

5.    Defendant, COOK COUNTY, ILLINOIS, is a county in the United States of Illinois with a county seat in Chicago; address: 69 W. Washington, Suite 500, Chicago, IL60602.

6.    Defendant, COOK COUNTY PUBLIC DEFENDER'S OFFICE, located at 69 W. Washington Street, 16th Floor, Chicago, IL 60602, during all times material to this matter, was responsible for providing free and effective assistance of counsel to those who could not afford to hire an attorney for representation, or was responsible for assuring such.

## STATEMENT OF CLAIM

7.    Defendant, LESTER FINKLE, who represented Plaintiff on appeal while this matter was pending as a criminal matter, is being sued in his individual and official capacities for violating Plaintiff's right to effective assistance of counsel by failing to ensure that Plaintiff received the benefit of a plea agreement made between the State and Plaintiff, pursuant to Sup. Ct. Rule 402. Mr. Finkle is also being sued for violating all other constitutional and state rights pertinent to this

matter, including (but not limited to) his being negligent in his representation on behalf of Plaintiff regarding this matter and is also being sued for official misconduct.

8.      Defendant, Honorable LUCIANO PANICHI (Judge Panici), is being sued in his individual and official capacities for violating Plaintiff's rights by participating in, condoning and/or acquiescing the violation of Plaintiff's rights under the United States and Illinois Constitution(s) and all statutory rights pertinent to this matter, including (but not limited to) Ill. Sup. Ct. Rule 402, with regards to receiving the benefit of a plea agreement made between the State and Plaintiff. The act of Judge Panici was in furtherance of another judge's act who not only failed to comply with the requirement(s) of Ill. Sup. Ct. Rule 402, but also inappropriately amended the Order of Sentence (of July 28th, 1998) originally entered regarding this matter, though he had no jurisdiction to do so, or exceeded whatever jurisdiction he had, which substantially enhanced the sentence Plaintiff was originally ordered to serve. Furthermore, Judge Laws had no authority to exercise jurisdiction over this matter, or exceeded whatever jurisdiction he may have had with regards to this matter. Claims of Official Misconduct and Custodial Negligence are also being alleged.

9.     Defendant, Honorable DOUGLAS J. SIMPSON  (Judge Simpson), is being sued in his individual and official capacities for violating Plaintiff's rights by participating in, condoning and/or acquiescing the violation of Plaintiff's rights under the United States and Illinois Constitution(s) and  all statutory rights pertinent to this matter, including (but not limited to) Ill. Sup. Ct. Rule 402, with regards to receiving the benefit of a plea agreement made between the State and Plaintiff. Judge Laws not only failed to comply with the requirement(s) of Ill. Sup. Ct. Rule 402, but also  inappropriately amended the Order of Sentence (of July 28th, 1998) originally entered regarding this matter, though he had no jurisdiction to do so, or exceeded whatever jurisdiction he had, which substantially enhanced the sentence Plaintiff was originally ordered to serve. Claims of Official Misconduct and Custodial Negligence are also being alleged.

10.     Defendant, COOK COUNTY, ILLINOIS, is being sued under the theory of *respondeat superior* and for failing to ensure the proper training of the above officials named in this suit, and/or failing to ensure that they substantially complied with all federal and state provisions pertinent to this matter; and is also being sued for custodial negligence.

11.     Defendant, COOK COUNTY PUBLIC DEFENDER'S OFFICE, is being sued under the theory of *respondeat superior* and for failing to ensure the proper

8

training of the above officials named in this suit, and/or failing to ensure that they substantially complied with all federal and state provisions pertinent to this matter.

## RELIEF/DAMAGES

12.     Plaintiff's unlawful incarceration prevented him from being able to establish himself in the work force and from getting the education he desired. Furthermore, during the time Plaintiff was incarcerated as the result of the above violations, he suffered a number of physical injuries resulting from the prison conditions and was subjected to on-going violations of his rights by prison officials. Plaintiff also experienced mental/psychological and emotional anguish and/or injuries as the result of all above violations of his rights and is (therefore) demanding  five million American dollars ($2,000,000.00) in compensatory damages and five million American dollars ($3,000,000.00) in punitive damages.

13.     Plaintiff also seeks injunctive relief, to void the amendment of the sentencing order.

**Plaintiff demands trial by jury**

## CONCLUSION

WHEREFORE, it is prayed that Plaintiff will be awarded the above damages

sought; and that the Court will grant any additional relief deemed appropriate in

the interest of justice.


Signed on this 3rd day of _July_, 2013

/S/ _BenYeHudah Whitfield_

BenYeHudah Whitfield
11256 S. Normal
Chicago, IL 60653
(773) 610 - 8647

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

Cook _____ Sub _____ DEPARTMENT _____ Felony _____ 6th
(County)          (Municipal)              (Division)                    (District)

People of the State of Illinois

v.

Ben Y. Whitfield                                    NO. 95CC-1290-01
                                    Defendant        I. R. # _____
                                                     S. I. D. # 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

## ORDER OF SENTENCE AND COMMITMENT TO
## ILLINOIS DEPARTMENT OF CORRECTIONS

The defendant having been adjudged guilty of committing the offense(s) enumerated below,

IT IS ORDERED that the defendant **Ben Y. Whitfield** be and is here sentenced to the ILLINOIS DEPARTMENT OF CORRECTIONS AS FOLLOWS:

The Honorable Judge Paul Nealis has sentenced the Def to

Co #3    25 yrs. IDOC  Credit for 1695 days TCS/TAS

All remaining counts Nolle Prosse

Co # 1, 2, 4, 5, 6, 7, 8, 9, 10

Offense **Home Invasion**        720-5 ILCS 1211(A)(2)

Offense _____        _____ ILCS _____/_____

Offense _____        _____ ILCS _____/_____

Offense _____        _____ ILCS _____/_____

IT IS FURTHER ORDERED that the Clerk of the Court shall deliver a copy of this order to the Sheriff of Cook County

IT IS FURTHER ORDERED that the Sheriff of Cook County shall take the defendant into custody and deliver him/her to the Illinois Department of Corrections.

IT IS FURTHER ORDERED that the Illinois Department of Corrections shall take the defendant into custody and confine him/her in the manner provided by law until the above sentence is fulfilled.

PREPARED BY    Carolyn Fallon

DEPUTY CLERK

ENTER: _____    1576
        JUDGE              JUDGE'S NO.

BRANCH COURT    7 28 99
                DATE

AURELIA PUCINSKI, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

3. DEPARTMENT OF CORRECTIONS COPY                    ATTACHMENT 1

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
MUNICIPAL DEPARTMENT - SIXTH DISTRICT

PEOPLE OF THE STATE OF ILLINOIS )
                                 )
                                 )
                                 )                    NO. 95716
                                 )                         C0000
            V.                   )
                                 )
_Ben WHITFIELD_                  )
                    Defendant    )

## ORDER

This matter coming to be heard at Defendant's sentencing, all parties having
due notice, and the Court being fully advised of the premises,

IT IS HEREBY ORDERED:

Defendant is credited for the following time served in pretrial custody in this
case:

from 12/7/94 thru 7/28/99 = 1695 days

from _____ thru _____ = _____ days

from _____ thru _____ = _____ days

from _____ thru _____ = _____ days

from _____ thru _____ = _____ days

**ENTERED**
SIXTH MUNICIPAL DISTRICT
CIRCUIT COURT OF COOK COUNTY

JUL 2 8 1999

ASSOC. JUDGE PAUL J. NEALIS-330-1576

TOTAL DAYS = 1695

DEFENSE ATTORNEY: _____

ASST. STATE'S ATTORNEY: _____

_____    _____
JUDGE                      Judge's No.

ATTACHMENT 2

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

*Cook*
(County)

_____ (Municipal) DEPARTMENT _*Criminal*_
(Division)                              (Dist

People of the State of Illinois
v.
Defendant

} No. *95-CR-21039*

*Ben Whitefield*

ORDER OF SENTENCE AND COMMITMENT TO
ILLINOIS DEPARTMENT OF CORRECTIONS

The defendant having been adjudged guilty of committing the offenses enumerated below,

IT IS ORDERED that the defendant _*Ben Whitefield*_
be and he is hereby sentenced to the Illinois Department of Corrections as follows:

*Date 10/2/96 The Honorable Deborah M. Dooling*
*Sentenced the defendant to Three (3) years*
*on both counts. Case to run consecutive to*
*95-C6-60000. Served 457 days in Custody. Credit some*
*for time in custody was given both on this case &*
*95-C6-60000.*
*Occurrance 6/22/95*          *Stay of Mitt 11/4/96*

Offense *Aggravated Battery*     Ch. *720-5* Sec. *12-4(B)* Par. *(6)*
Offense *Aggravated Battery*     Ch. *720-5* Sec. *12-4(B)* Par. *(6)*
Offense _____     Ch. _____ Sec. _____ Par. _____
Offense _____     Ch. _____ Sec. _____ Par. _____

Ill. Rev. Stat.

IT IS FURTHER ORDERED that the Clerk of the Court shall deliver a copy of this order to the Sheriff of Cook County.

IT IS FURTHER ORDERED that the Sheriff of Cook County shall take the defendant into custody and deliver him to the Illino
Department of Corrections.

IT IS FURTHER ORDERED that the Illinois Department of Corrections shall take the defendant into custody and confine him in th
manner provided by law until the above sentence is fulfilled.

PREPARED BY: _____
                    Deputy Clerk

DATED: _*10/2/96*_ BRANCH CT. _*Criminal*_ ENTER: _____
                                                         Judge        CODE

INSTRUCTIONS

CLERK is requested to insert in the appropriate spaces above (1) each sentence and the conditions thereof, including the condition tha
the sentence shall run concurrently or consecutively, as the case may be, with other sentences imposed by the court in this case, or othe
sentences imposed by courts in other cases; and (2) fill in the following information:

Name and address of counsel for defendant _____

Police Individual Record No. _*080036/*_ Illinois Bureau Identification No. _____

CLERK OF THE CIRCUIT COURT OF COOK COUNTY

E ATTACHMENT 3

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

_Cook_ _Sub_ DEPARTMENT _Felony_ _ _ (District
(County)         (Municipal)                    (Division)                    (District

People of the State of Illinois

v.

_Ben Y. Whitfield_ _____
                                  Defendant

NO. _95 C 6-6_ _____
I. R. # _____
S. I. D. # _025491030_

## ORDER OF SENTENCE AND COMMITMENT TO
## ILLINOIS DEPARTMENT OF CORRECTIONS

The defendant having been adjudged guilty of committing the offense(s) enumerated below,

IT IS ORDERED that the defendant _Ben Y. Whitfield_ _____ be and is here

sentenced to the ILLINOIS DEPARTMENT OF CORRECTIONS AS FOLLOWS:

_The Honorable Judge Paul Nealis has_

_sentenced the Def to_

_Ct #3    25 yrs. IDOC  Credit for 1695 days_

_TCS/TAS_

_All remaining counts Nolle Prosse_

_Ct # 1, 2, 4, 5, 6, 7, 8, 9, 10_

| | | Statutory Citation |
|---|---|---|
| Offense _Home Invasion_ | _720-5_ ILCS _12 11(A)(2)_ | |
| Offense _____ | _____ ILCS _____ / _____ | |
| Offense _____ | _____ ILCS _____ / _____ | |
| Offense _____ | _____ ILCS _____ / _____ | |

IT IS FURTHER ORDERED that the Clerk of the Court shall deliver a copy of this order to the Sheriff of Cook County

IT IS FURTHER ORDERED that the Sheriff of Cook County shall take the defendant into custody and deliver him/her to the
Illinois Department of Corrections.

IT IS FURTHER ORDERED that the Illinois Department of Corrections shall take the defendant into custody and confine him
her in the manner provided by law until the above sentence is fulfilled.

PREPARED BY _Carolyn Fallon_ _____

DEPUTY CLERK

ENTER: _____ _1576_
          JUDGE        JUDGE'S NO.

BRANCH COURT _____   DATE _7 28 99_

AURELIA PUCINSKI, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

3. DEPARTMENT OF CORRECTIONS COPY                          ATTACHMENT 1

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
MUNICIPAL DEPARTMENT - SIXTH DISTRICT

PEOPLE OF THE STATE OF ILLINOIS )
                                )
                                )
                                )       NO. 95761 ~
                                )            60000
              V.                )
                                )
_Ben Whitfield_,                )
                    Defendant   )

### ORDER

This matter coming to be heard at Defendant's sentencing, all parties having due notice, and the Court being fully advised of the premises,

IT IS HEREBY ORDERED:

Defendant is credited for the following time served in pretrial custody in this case:

from _12/7/94_ thru _7/28/00_ = _1695_ days

from _____ thru _____ = _____ days

from _____ thru _____ = _____ days

from _____ thru _____ = _____ days

from _____ thru _____ = _____ days

**E N T E R E D**
SIXTH MUNICIPAL DISTRICT
CIRCUIT COURT OF COOK COUNTY

JUL 2 8 1999

ASSOC. JUDGE PAUL J. NEALIS-330-1576

TOTAL DAYS = _1695_

DEFENSE ATTORNEY: _____

ASST. STATE'S ATTORNEY: _____

_____        _____
        JUDGE                 Judge's No.

ATTACHMENT 2

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

*Cook*
(County)                                    (Municipal) DEPARTMENT *Criminal* (Division)                    (Dist

People of the State of Illinois
v.
Defendant

}  No. *95-CR-21839*

*Ben Whitefield*

ORDER OF SENTENCE AND COMMITMENT TO
ILLINOIS DEPARTMENT OF CORRECTIONS

The defendant having been adjudged guilty of committing the offenses enumerated below,

IT IS ORDERED that the defendant _____*Ben Whitefield*_____

be and he is hereby sentenced to the Illinois Department of Corrections as follows:

*Date 10/2/96 The Honorable Deborah M. Dooling Sentenced the defendant to Three (3) years on both counts. Case to run Consecutive to 95-C6-60000. Served 457 days in Custody. Credit for time in custody was given both on this case + 95-C6-60000.*

*Occurrance 6/22/95*        *Stay of MHH 11/4/96*

Ill. Rev. Stat.

Offense *Aggravated Battery*      Ch. *720-5* Sec. *12-4(B)* Par. *(6)*

Offense *Aggravated Battery*      Ch. *720-5* Sec. *12-4(B)* Par. *(6)*

Offense _____      Ch. _____ Sec. _____ Par. _____

Offense _____      Ch. _____ Sec. _____ Par. _____

IT IS FURTHER ORDERED that the Clerk of the Court shall deliver a copy of this order to the Sheriff of Cook County.

IT IS FURTHER ORDERED that the Sheriff of Cook County shall take the defendant into custody and deliver him to the Illino Department of Corrections.

IT IS FURTHER ORDERED that the Illinois Department of Corrections shall take the defendant into custody and confine him in th manner provided by law until the above sentence is fulfilled.

PREPARED BY: _____
                           Deputy Clerk

DATED: *10/2/96*  BRANCH CT. *Criminal*  ENTER: _____
                                                                      Judge          CODE

INSTRUCTIONS

CLERK is requested to insert in the appropriate spaces above (1) each sentence and the conditions thereof, including the condition tha the sentence shall run concurrently or consecutively, as the case may be, with other sentences imposed by the court in this case, or othe sentences imposed by courts in other cases; and (2) fill in the following information:

Name and address of counsel for defendant _____

_____

Police Individual Record No. *080036/*   Illinois Bureau Identification No. _____

CLERK OF THE CIRCUIT COURT OF COOK COUNTY

E ATTACHMENT 3

*Benfetteudah Whitfield*

```
 1   STATE OF ILLINOIS  )
                        )   SS:
 2   COUNTY OF C O O K  )

 3          IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
              MUNICIPAL DEPARTMENT-SIXTH MUNICIPAL DISTRICT
 4
     THE PEOPLE OF THE       )
 5   STATE OF ILLINOIS       )
                             )  Case No. 95 C6-60000-01
 6          VS.              )
                             )  Charge:  Home Invasion
 7   BEN WHITFIELD.          )

 8
                        CHANGE OF PLEA
 9

10          REPORT OF PROCEEDINGS of the hearing had

11   before the Honorable PAUL J. NEALIS, on the 28th day of

12   July, 1999, in Markham, Illinois.

13          APPEARANCES:

14              HON. RICHARD A. DEVINE,
                State's Attorney of Cook County, by:
15              MR. MICHAEL CLANCY,
                Assistant State's Attorney,
16                 Appeared for the People;

17

18              MS. RITA A. FRY,
                Public Defender of Cook County, by:
19              MR. PATRICK MC KEIGUE,
                Assistant Public Defender,
20                 Appeared for the Defendant.

21

22   Nicola Vogelgesang
     License No. 084-001241
23   Official Court Reporter
     16501 S. Kedzie Parkway
24   Markham, Illinois 60428
```

1

ATTACHMENT
4

*BenJeHoulah Whitfield*

1                              INDEX

2   Date:   July 28, 1999

3   Pages:  1 - 12

4

5   Change of Plea

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

ATTACHMENT
5

*Benjeflludch Whitfield.*

1      THE CLERK: Ben Whitfield, in custody.

2      MR. MC KEIGUE:  Whitfield.

3           For the record, Patrick McKeigue on behalf of

4 Ben Whitfield, before the bench.  This matter is on the

5 call pursuant to the remand from the Appellate Court for

6 retrial.  We've had discussions with the State.  And

7 pursuant to these discussions, Judge, we'll be waiving

8 any motions, of course, entering plea of guilty.

9           Our understanding of the agreement was the

10 State, in exchange for a plea of guilty to the charge of

11 home invasion, State will recommend a period of 25 years

12 Illinois Department of Corrections.

13      THE COURT:  Alright, Mr. Whitfield, you heard what

14 your lawyer just said?  What is your -- let me get a

15 copy of the indictment.

16      MR. CLANCY:  It would be on Count Number Three.

17 That was the count that all the other counts merged into

18 after the verdict of guilty.  All the other home

19 invasions merged into, I should say.

20      THE COURT:  Okay, Mr. Whitfield, what is your plea

21 to this Count Number Three of this Information, 95

22 C6-60000-01, which alleges that on or about December

23 7th, 1994, at and within Cook County, Illinois, you then

24 committed the offense of home invasion in that you not

ATTACHMENT
6



1  being a peace officer acting in the line of duty

2  knowingly entered the dwelling place of another, to wit:

3  18809 King Road, Homewood, Illinois, all this in Cook

4  County, when you knew or had reason to know that one or

5  more persons were present and intentionally caused

6  injury to any of the persons, to wit:  Beverly Mahoney,

7  M-a-h-o-n-e-y, within such dwelling place, by binding

8  her hands, causing redness and swelling, in violation of

9  720 ILCS Act 5 section 12-11(A)(2) of the Illinois

10  Compiled Statutes, 1992, as amended:  Guilty or not

11  guilty?

12      THE DEFENDANT:  Guilty.

13      THE COURT:  Before I accept your plea of guilty, I

14  want to make sure you understand the rights you give up

15  when you plead guilty.  If you don't understand what I

16  say, please stop me, ask any questions you have, or

17  speak to your attorney.  Will you do that?

18      THE DEFENDANT:  Yes.

19      THE COURT:  This is a Class X felony.  A Class X

20  felony in this State carries with it a possible

21  punishment of from 6 to 30 years in the Illinois

22  Department of Corrections plus three years mandatory

23  supervised release.  You're not entitled to periodic

24  imprisonment, probation, or conditional discharge.  You

**ATTACHMENT 7**



1 could be fined up to ten thousand dollars on this matter

2 as well.   Knowing the possible punishment, you still

3 wish to plead guilty?

4      THE DEFENDANT:   Yes.

5      THE COURT:   You have the right to plead not guilty

6 and force the State to prove this charge against you

7 beyond a reasonable doubt.   You have the right to have a

8 trial by this Court or a jury.   In a jury trial, twelve

9 people would be chosen in part by you and your attorney.

10 They would listen to the evidence, the arguments of the

11 attorneys, and my instructions on the law and make the

12 determination if the State has proven this charge

13 against you beyond a reasonable doubt.   Their verdict

14 would have to be unanimous and in writing.   Do you

15 understand what a jury is and what a jury does?

16      THE DEFENDANT:   Yes.

17      THE COURT:   Your lawyer's handed me a document

18 entitled "jury waiver."   Is this your signature on the

19 jury waiver?

20      THE DEFENDANT:   Yes.

21      THE COURT:   By signing that jury waiver, you waive

22 your right to a jury.   Is that what you wish to do?

23      THE DEFENDANT:   Yes.

24      THE COURT:   Let the record reflect the defendant has

ATTACHMENT
8

*Badjehludah Whitfield*

1   made a knowing, intelligent waiver of jury.  It will be

2   stamp filed and made a permanent part of the record.

3          You also give up your right to testify or

4   remain silent on your own behalf, to cross examine and

5   confront the witnesses against you, to present evidence

6   on your own behalf, to object to unreasonable searches

7   and seizures, and object to any identification evidence

8   or any statements given by you.  In short, when you

9   plead guilty, you give up those rights.  You understand

10  the rights you give up when you plead guilty?

11      THE DEFENDANT:  Yes.

12      THE COURT:  Have any threats, force, or promises

13  been made to you in order for you to enter this plea of

14  guilty?

15      THE DEFENDANT:  No.

16      THE COURT:  Are you entering this plea of guilty of

17  your own free will?

18      THE DEFENDANT:  Yes.

19      THE COURT:  State waive PSI?

20      MR. CLANCY:  Yes.

21      THE COURT:  How old are you?

22      THE DEFENDANT:  31.

23      THE COURT:  31.  State, may I have a factual basis

24  for the plea?

**ATTACHMENT 9**

*Benjehudah Whitfield.*

1    MR. CLANCY:  Judge, the factual basis would be the

2    evidence that was presented on May 30th of 1996 when the

3    jury trial began, all those witnesses who would testify

4    during that jury trial, all the exhibits that were

5    admitted during that trial, all of which is of record

6    beginning April 30th of 1996 with the jury trial,

7    concluding on May second of 1996, for which Your Honor

8    presided.

9    MR. MC KEIGUE:  Your Honor, we would stipulate to

10   that.  Your Honor did preside over that jury trial, are

11   aware of the factual basis.  We will stipulate to that.

12   THE COURT:  Alright, you stipulate to -- stipulate

13   to that testimony?

14   MR. MC KEIGUE:  Yes.

15   THE COURT:  Alright, is that what you're pleading

16   guilty to, the home invasion on that day?

17   THE DEFENDANT:  Yes.

18   THE COURT:  Not being a police officer at that time?

19   THE DEFENDANT:  Yes.

20   THE COURT:  I find a factual basis exists for the

21   plea, that the defendant understands the nature of the

22   charge against him, its possible penalties, and his

23   legal rights.  I further find the defendant's entered

24   this plea knowingly and voluntarily.  I accept the

ATTACHMENT
10

*Benjettudeh Whitfield*

```
 1  defendant's plea of guilt to the charge of home
 2  invasion.   I enter judgment on the finding on Count
 3  Number Three.   Your lawyer's handed me a document
 4  intitled "waiver of presentence report."   Is that your
 5  your signature on that document?
 6      THE DEFENDANT:  Yes.
 7      THE COURT:  By signing this document, you're telling
 8  me you give up your right to a presentence report
 9  generated by the Probation Department that would tell me
10  all about your life history.   Is that what you wish to
11  do?
12      THE DEFENDANT:  Yes.
13      THE COURT:  State waive PSI?
14      MR. CLANCY:  Yes, Judge.
15      THE COURT:  I do have an old PSI.  He's been in
16  custody since then.  And anything else, Mr. McKeigue,
17  with respect to the PSI?
18      MR. MC KEIGUE:  No, Your Honor.  We'll stand on
19  the -- stand on the agreement.
20      THE COURT:  Alright.  Aggravation, State?
21      MR. CLANCY:  Judge, we rest on the agreement.
22      THE COURT:  Alright.  Mitigation, Mr. McKeigue?
23      MR. MC KEIGUE:  Also stand on the agreement, Your
24  Honor.
```

**ATTACHMENT 11**

*Banjamin Whitfield.*

1   THE COURT:  Do you want to say anything before I

2   impose sentence, Mr. Whitfield?  The law provides you an

3   opportunity to say something.  You don't have to if you

4   don't want to, but you may if you'd like.

5   THE DEFENDANT:  I would like to say that I am truly

6   sorry for the crime that I committed against Miss

7   Beverly.  I would like to say I'm sorry for the crimes I

8   committed against Miss Beverly Mahoney.

9   THE COURT:  Alright.  Alright.  Well, I'm glad to

10  hear you say that.  That's -- they're elderly people,

11  and it was -- it's a terrible thing.  Your home is

12  supposed to be your castle.  I'll go along with the

13  agreement as to Count Number Three, and that's plea of

14  guilty, jury waived, finding of guilty to Count Number

15  Three, judgment on the finding.  Defendant is sentenced

16  to 25 years IDOC, Illinois Department of Corrections.

17  Credit for how many days, Mr. McKeigue?

18  MR. MC KEIGUE:  1695.

19  THE COURT:  1695 days, time considered served, time

20  actually served.

21      Do you understand the sentence I've imposed?

22  THE DEFENDANT:  Uhm, yeah.

23  THE COURT:  You have 30 days in which to file a

24  motion to withdraw your plea of guilty or to reconsider

9

ATTACHMENT
12

*BenjoHudah Whitfield*

1  the sentence I just imposed.  In order to perfect that

2  right, you must within 30 days of today file a written

3  motion asking to have the plea and the judgment vacated.

4  In the motion you must set forth the ground or the basis

5  for the motion.  If you're challenging the sentence, you

6  must move to withdraw the plea of guilty because this is

7  an agreed disposition.

8          If you're indigent, a copy of the transcript of

9  these proceedings will be provided to you at no cost and

10  counsel will be appointed to assist you in preparing the

11  motion.  If you're allowed to withdraw your plea of

12  guilty, all the other counts that were now being nolle'd

13  or dismissed against you could be reinstated, and you'd

14  have to go to trial on these as well, and this plea

15  agreement would be null and void as well.  Is that

16  clear?

17      THE DEFENDANT:  Yes.  I would like to know, do I, do

18  I get day-for-day for that one thousand?

19      THE COURT:  You get day-for-day, but I don't compute

20  the days.  I set them down to the Illinois Department of

21  Corrections.  Illinois Department of Corrections gives

22  you the day-for-day credit, alright?  This is not an 85

23  percent.  This is not a -- this will be before that.

24  This is not an 85 percent.  This is not a hundred

10

ATTACHMENT
13

*Benjamin Judah Whitfield*

1  percent. It's a 50 percent day-to-day credit, if your

2  credit's good. You could screw your good time up, you

3  know that, right?

4     THE DEFENDANT: Uh-huh.

5     THE COURT: By your behavior. But that's what you

6  get. I'm giving you credit for those number of days

7  you're in. Alright? Any questions?

8     THE DEFENDANT: No.

9     THE COURT: Alright. So you understand your appeal

10  rights as well?

11     THE DEFENDANT: Yes.

12     THE COURT: Alright. Motion State nolle Counts

13  Number One, Two, Four, Five, Six, Seven, Eight, Nine,

14  and Ten?

15     MR. CLANCY: Yes, Judge.

16     THE COURT: That's the order.

17     MR. MC KEIGUE: Defendant demands trial.

18     THE COURT: Alright.

19     MR. MC KEIGUE: Thank you.

20                  (Which were all the proceedings had in

21                   the above-entitled cause.)

22

23

24

ATTACHMENT
14

*Barbara Haddah Whitfield.*

```
 1   STATE OF ILLINOIS   )
                         )  SS:
 2   COUNTY OF C O O K   )

 3

 4        IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
          MUNICIPAL DEPARTMENT - SIXTH MUNICIPAL DISTRICT
 5

 6

 7        I, Nicola Vogelgesang, Official Court Reporter

 8   of the Circuit Court of Cook County, Municipal

 9   Department - Sixth Municipal District, do hereby certify

10   that I reported in shorthand the proceedings had on the

11   hearing in the aforementioned cause; that I thereafter

12   caused the foregoing to be transcribed into typewriting,

13   which I hereby certify to be a true and accurate

14   transcript of the Report of Proceedings had before the

15   Honorable PAUL J. NEALIS, Judge of said court.

16

17

18

19                              _____
                                 Official Court Reporter
20                               No. 084-001241

21

22

23   Dated this 31st day of
     August, 2010.

24
```

**ATTACHMENT 15**

12

```
 1    STATE OF ILLINOIS  )
                         )   SS:
 2    COUNTY OF C O O K  )

 3          IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
                COUNTY DEPARTMENT, CRIMINAL DIVISION
 4
      THE PEOPLE OF THE              )
 5    STATE OF ILLINOIS,             )
                                     )
 6              Plaintiff,           )
                                     )
 7    vs.                            )   No. 95CR21039-01
                                     )
 8    BEN WHITFIELD,                 )
                                     )
 9              Defendant.           )

10

11              REPORT OF PROCEEDINGS had in the

12    above-entitled cause before the Honorable DEBORAH MARY

13    DOOLING, Judge of said court, Criminal Division, on the

14    2nd day of October, A.D. 1996.

15              PRESENT:   HON. RICHARD A. DEVINE,
                           State's Attorney of Cook County, by
16                         MR. NICK AVVANITIS
                           Assistant State's Attorney,
17                         on behalf of the People;

18                         HON. RITA A. FRY.,
                           Public Defender of Cook County, by
19                         MS. TERRI SMITH
                           Assistant Public Defender,
20                         on behalf of the Defendant.

21
      Sandra Lio, CSR
22    Official Court Reporter
      License No. 084-001897
23    2121 Euclid Avenue, Room 60
      Rolling Meadows, Illinois 60008
24
```

ATTACHMENT
16

1    THE CLERK:  Ben Whitfield.

2    THE SHERIFF:  Coming out.

3    MS. SMITH:  Good morning.

4    THE COURT:  Good morning.  How are you?

5    MS. SMITH:  I'm fine.

6         This is Mr. Whitfield.  This is a case that Mr.

7    Cohen had previously represented the defendant.  I

8    inherited it.

9         I'm asking for a thirty-day date to file my

10   answer, and at that time we'll either set it for trial or

11   do a conference on that date.

12   THE COURT:  Do you have an answer on file?

13   MS. SMITH:  I do not.

14   THE COURT:  I don't see an answer on file.

15   MR. AVVANITIS:  Want to pass it?

16   MS. SMITH:  Hang on a second, Judge.  You know what?

17   We're going to proceed to a conference.

18   THE COURT:  Mr. Whitfield, do you want your

19   attorney-- what your attorney is saying is that you want

20   a conference.  That means that the State tells me what

21   the facts of the case are and then I hear if you have any

22   criminal record.

23        After that, your attorney tells me anything in

24   your favor in mitigation.  Then, I hear both sides, and

2

ATTACHMENT
17

1    then I tell you what I'll do if you plead guilty.  You

2    don't have to plead guilty.  You have an absolute right

3    to plead not guilty.

4          After the conference you can say, Judge, I

5    don't want that sentence.  I want a bench or jury, but

6    just because you don't like the outcome of the conference

7    or the offer, you can't take your case out of my room

8          Do you understand that?

9       THE DEFENDANT:  Yes.

10      THE COURT:  Do you still want me to conference?

11      THE DEFENDANT:  Yes.

12      THE COURT:  Go ahead.

13      MR. AVVANITIS:  Judge, if I can pass it for a

14    minute?

15      THE COURT:  Okay.

16      MS. SMITH:  Thank you.

17             (The court heard other matters;

18             thereafter, the following

19             proceedings were had in the

20             aforementioned matter, to-wit:)

21      THE CLERK:  Ben Whitfield.

22      THE SHERIFF:  Coming out.

23      MS. SMITH:  We'd be asking for a conference on Mr.

24    Whitfield.

ATTACHMENT
18

1    THE COURT:  I admonished him already or no?

2    MR. AVVANITIS:  Judge, this case happened on June

3  22nd, 1995, while the defendant was being held in custody

4  at the Cook Ccounty jail pending charges of home invasion

5  which were pending in Markham.

6    Your Honor, what happened in this case was that

7  a correctional officer, Henry Page, and Sergeant Burn

8  were in the area of the Cook County jail where the

9  *defendant who they would identify in open court was as*

10  well as another inmate. (phonetic)

11    At that time, Judge, Page had reordered the

12  defendant and another individual to go back into their

13  cells.  The defendant refused, indicating that he wanted

14  some medication of some type.

15    When the officer, Mr. Page, insisted that he go

16  to his cell, the defendant then struck him in the face

17  three times at which time Sergeant Burn was in the area,

18  came to the assistance of Officer Page.  At which point

19  the defendant struck Sergeant Burn in the face as well.

20    At that time, Judge, a struggle ensued between

21  the two inmates and the correctional officers.  Both

22  correctional officers were in full uniform, your Honor,

23  and in their correctional outfits.

24    The defendant was eventually subdued and the

ATTACMENT
19

1  disturbance was quelled at that point.

2            Page, Judge, received minor injuries, bruises

3  to the left side of his face and upper lip and hand.

4  Sergeant Burn, Judge, received a black eye to his left

5  eye and a laceration to his elbow, a bruise to his

6  knuckle. (phonetic)

7            With respect to the criminal history of the

8  defendant, Judge, with respect to-- this is a

9  consecutive-type situation since he was incarcerated

10  pending another case.

11            The Markham case, Judge, was disposed of, I

12  believe, yesterday.  I spoke with the witnesses on that

13  case, Judge, and the defendant was sentenced to forty

14  years Illinois Department of Corrections by Judge Nellis

15  yesterday.

16            This would be a consecutive sentence, Judge.

17  This is a Class Three offense.  His background, your

18  Honor, is that on November the 10th, 1997, he received

19  four years for residential burglary.  On January 30th of

20  1987, he received thirty months probation for burglary.

21     MS. SMITH:  Mr. Whitfield is twenty-eight years old.

22  He's single.  He was at the time of his arrest living

23  with his girlfriend and their two children.  He was also

24  a student at a trade school in Carol Stream, Illinois,

5

ATTACHMENT
20

1      learning construction work.

2             Judge, as your Honor knows, he was sentenced to

3      forty years on the other case.  We'd ask your Honor to go

4      along with the sentence agreed upon, disposition of two

5      years.

6         THE COURT:  No.  If he wants three, he can have

7      three.  Talk to him.

8            Pass it.

9                 (The court heard other matters;

10                 thereafter, the following

11                 proceedings were had in the

12                 aforementioned matter, to-wit:)

13         MS. SMITH:  He wants to take it.

14         THE COURT:  Okay.

15         MS. SMITH:  You're giving him thirty days, won't

16      you?

17         THE COURT:  I can't.  I will.

18         Mr. Whitfield, you are here because you are

19      charged with-- Are there two counts?  Because there are

20      two victims?

21         MS. SMITH:  Yes.

22         MR. AVVANITIS:  Yes.

23            Judge, both counts, two counts of aggravated

24      battery.

ATTACHMENT
21

1  THE COURT: You are here because you are charged

2 with two counts of aggravated battery. Have you seen a

3 copy of that charge, and has your attorney had the

4 opportunity to go over the charge with you?

5  THE DEFENDANT: Yes.

6  THE COURT: Do you understand what you are charged

7 with?

8  THE DEFENDANT: Yes.

9  THE COURT: Do you understand what aggravated

10 battery means?

11  THE DEFENDANT: Yes.

12  THE COURT: How do you plead to the charge of

13 aggravated battery, guilty or not guilty?

14  THE DEFENDANT: Guilty.

15  THE COURT: Sir, aggravated battery is a Class Two--

16 I'm sorry, Class Three felony. That means upon your plea

17 of guilty, I could send you to the Illinois Department of

18 Corrections for anywhere from two to five -- five to ten

19 years. You would receive a period of mandatory

20 supervised release of one year. That's like parole. It

21 could be revoked on a violation, and you would be sent

22 back to the penitentiary. I could fine you up to and

23 including $10,000. Minimum sentence I can give you is

24 probation.

7

ATTACHMENT
22

1     Do you understand the possible penalties?

2  THE DEFENDANT: Yes.

3  THE COURT: Understanding those penalties, do you

4 still wish to plead guilty?

5  THE DEFENDANT: Yes.

6  THE COURT: Do you understand that this three-year

7 sentence it's going to run consecutive which means will

8 run after the forty-year sentence that Judge Nellis gave

9 you?

10  THE DEFENDANT: Yes.

11  THE COURT: Understanding all of that, do you still

12 want to plead guilty?

13  THE DEFENDANT: Yes.

14  THE COURT: Do you understand you have a right to

15 plead not guilty?

16  THE DEFENDANT: Yes.

17  THE COURT: Before I accept your plea of guilty, I

18 want to make sure that you understand the rights that you

19 give up when you plead guilty.

20    Do you understand that there's not going to be

21 a trial of any kind?

22  THE DEFENDANT: Yes.

23  THE COURT: No bench trial, no jury trial. A jury

24 would consist of twelve citizens from Cook County. They

8

ATTACHMENT 23

1   would be selected by your attorney and the state's

2   attorney.  They would hear the facts in the case.  They

3   would hear the arguments of the lawyers.  They would hear

4   my instructions on the law, and they would be the ones to

5   determine if you were guilty or not guilty.

6        Do you understand what a jury is, and what a

7   jury does?

8        THE DEFENDANT:  Yes.

9        THE COURT:  Do you want to give up your right to a

10  trial by jury?

11       THE DEFENDANT:  Yes.

12       THE COURT:  I have before me a signed and executed

13  jury waiver.  Is this your signature on the form?

14       THE DEFENDANT:  Yes.

15       THE COURT:  Sir, do you understand when you signed

16  that form, you said, Judge, I do not want a trial by

17  jury?

18       THE DEFENDANT:  Yes.

19       THE COURT:  The waiver is accepted and made a part

20  of the record.

21       You also give up your right to see and confront

22  the witnesses who would testify against you.  That means

23  to see them face-to-face in this courtroom and have your

24  attorney cross-examine them by asking them questions.

9

ATTACHMENT
24

1    You give up your right to subpoena witnesses to

2  testify in your own behalf.  You give up your right to

3  present any possible defense.  You give up your right to

4  remain silent.

5    You also give up your right to a speedy trial,

6  which means that you must be tried within 120 days of

7  your custody or within 160 days if you are out on bond.

8    You give up your right to be represented by an

9  attorney at trial and a free attorney if you can't afford

10  one and once again, you give up your right to hold the

11  State to their burden of proving you guilty beyond

12  a reasonable doubt.

13    Do you understand all of that, sir?

14    THE DEFENDANT:  Yes.

15    THE COURT;  Except for the fact that I'm going to

16  sentence you to three years Illinois Department of

17  corrections, it's going to run consecutively to the case

18  number--

19    MR. AVVANITIS:  95-C6-60000.

20    THE COURT:  Are you sure it's that many zeros?

21    MR. AVVANITIS;  That's--

22    THE COURT:  660000?  Except for the fact you are

23  going to get three years and that's going to run of  the

24  sentence that Judge Nellis gave except for that, did

ATTACHMENT
25

1    anybody promise you anything else to get you to plead

2    guilty?

3          THE DEFENDANT:  No.

4          THE COURT:  Has anyone forced you to plead guilty?

5          THE DEFENDANT:  No.

6          THE COURT:  You are pleading guilty of your own

7    free will?

8          THE DEFENDANT:  Yes.

9          THE COURT;  Both sides willing to stipulate to the

10   conference held on the record in open court in the

11   presence of the defendant would constitute a sufficient

12   factual basis to support the plea of guilty to both

13   counts of aggravated battery?

14         MR. AVVANITIS:  Yes.

15         MS. SMITH:  So stipulate.

16         THE COURT:  How old are you again, sir?

17         THE DEFENDANT:  Thirty.

18         THE COURT:  I will accept your plea of guilty to the

19   charge of aggravated battery, both counts one and two

20   will be findings of guilty in the manner and form as

21   charged and judgment will be entered upon the findings.

22              Ms. Smith, does your client want to give up

23   his right to presentence investigation today?

24         MS. SMITH:  Yes.

ATTACHMENT
26

1    THE COURT:  Mr. Whitfield, a presentence

2  investigation actually-- Mr. Whitfield-- Mr. Whitfield, a

3  presentence investigation would be a written report about

4  your social history and your criminal background.  Do you

5  understand that?

6    THE DEFENDANT:  Yes.

7    THE COURT:  I have before me a signed and executed

8  presentence investigation waiver.  Is that your signature

9  on it?

10    THE DEFENDANT:  Yes.

11    THE COURT:  Do you understand when you signed it,

12  you said, Judge, I do not want a presentence

13  investigation?

14    THE DEFENDANT:  Yes.

15    THE COURT:  Waiver is accepted and made part of the

16  record.

17      Anything else?

18    MR. AVVANITIS:  No.

19    MS. SMITH:  No.

20    THE COURT:  Want to tell me anything, Mr. Whitfield

21  before I sentence you?

22    THE DEFENDANT:  No.

23    THE COURT:  You're sentenced to three years Illinois

24  Department of Corrections.  That sentence shall run

ATTACHMENT
27

1   consecutively which means shall run after the sentence

2   you received in 96-C-660000.

3           I have to tell you one more thing.  You have a

4   right to appeal or to file a motion to reconsider the

5   judgment entered on your plea of guilty.  But to do so,

6   you must file a written motion in this court within

7   thirty days asking to have the judgment vacated which

8   means set aside and for leave to withdraw your plea of

9   guilty setting forth the grounds in the motion.

10          If you are without funds and an attorney, one

11  will be appointed to assist, and a transcript will be

12  given to you free of charge.  If the motion is granted,

13  all charges would be reinstated, and we would proceed to

14  trial.  Any issues not raised in the motion to vacate the

15  judgment and withdraw your plea of guilty, will be waived

16  on appeal.  That means that any errors that you think

17  occurred have to be put in your written motion, otherwise

18  you can't argue it later on in your appeal.  Do you

19  understand?

20      THE DEFENDANT:  Yes.

21      THE COURT:  You want a stay of mitt until 11-4-96?

22      MS. SMITH:  Yes.

23      THE COURT:  Okay.  That's the order.

24          Good luck.

ATTACHMENT
28

1     MS. SMITH:  He has been in custody 457 days on this

2   case.  I know he was in custody on the other case, but he

3   was also in custody on this case because they set a bond

4   on this one also.

5     THE COURT:  Okay.  Well, I'll put the 457 days which

6   is the same amount of time that he got on Judge Nellis'

7   case.

8     MS. SMITH:  I don't know that because that was--

9     THE COURT:  He got picked up on this first.

10    MS. SMITH:  No, no.  What I'm saying is he was

11  also-- He was in custody on both of them at the same

12  time.

13    THE COURT:  Since June 22nd.  Bond was set on this

14  case on July 10th, '95.  Okay.  I assume he was charged

15  on June 22nd.  He's already in custody.

16    MS. SMITH:  Right.

17    THE COURT:  Okay.  That will be the order.

18                    (Which were all the proceedings

19                    had in the aforementioned cause.)

20

21

22

23

24

14

ATTACHMENT
29

1    STATE OF ILLINOIS  )

                     )  SS:

2    COUNTY OF C O O K  )

3

4

5          I, SANDRA LIO, Official Shorthand Reporter of

6    the Circuit Court of Cook County, Municipal Division,

7    do hereby certify that I note-read the stenotype notes

8    of Paul Marzano, a former Official Court Reporter; and

9    to the best of my ability, of the proceedings had at

10   the hearing of the aforementioned cause; that I

11   thereafter caused the foregoing to be transcribed into

12   typewriting, which I hereby certify to be a true and

13   accurate transcript of the proceedings had before the

14   Honorable Deborah Mary Dooling.

15

16

17

18   _____

19   Official Shorthand Reporter

      Circuit Court of Cook County

      Municipal Division

20   License No. 084-001897

21

22

23

24

ATTACHMENT
30

```
CASE: 95C66000001 S   (START OF FELONY CASE)        PAGE: 043 OF  048
   DEFENDANT NAME: BEN         Y WHITFIELD        LST APPEAL: 10/08/96        PROD
```

```
072899-
DEF SENTENCED ILLINOIS DOC                              C003
NEALIS, PAUL J.                    025 YRS
MARKHAM ROOM 106
```

```
072899-
DEF ADVISED OF RIGHT TO APPEAL
NEALIS, PAUL J.
MARKHAM ROOM 106
```

```
090809-
CASE ADVANCED                      090809            0666
MARKHAM                                0900 AM
```

```
090809-
HEARING DATE ASSIGNED              091509            0672
      DEF FILES FOR TRIAL TRANSCRIPTS AND A PETITION OF HABEAS CORPUS
MARKHAM                                0900 AM
```

```
ENTER=CONT PF3=RETN PF7=BKW PF8=FRW PF9-APPL PF10=RESET PF12=PRINT CLEAR=EXIT
=> PRINT THE FOLLOWING PAGES PAGE: 001 THRU 048 DESTINATION ____
```

ATTACHMENT
31

```
CASE: 95C66000001 S   (START OF FELONY CASE)        PAGE: 044 OF  048      PROD
  DEFENDANT NAME: BEN        Y WHITFIELD        LST APPEAL: 10/08/96

091509-
DEFENDANT IN CUSTODY              000000
SIMPSON DOUGLAS J
MARKHAM ROOM 106


091509-
CONTINUANCE BY ORDER OF COURT    092509          0672
SIMPSON DOUGLAS J
MARKHAM ROOM 106                      0900 AM


092509-
ORDER EXTENDED, NUNC PRO TUNC    092509          0672
    3 YEARS MSR PET FOR HABEAS CORPUS DENIED SEE DRAFT ORDER OFF CALL
SIMPSON DOUGLAS J
MARKHAM ROOM 106                      0900 AM




ENTER=CONT PF3=RETN PF7=BKW PF8=FRW PF9-APPL PF10=RESET PF12=PRINT CLEAR=EXIT
=> PRINT THE FOLLOWING PAGES PAGE: 001 THRU 048 DESTINATION ____
```

ATTACHMENT
32

(A) Passport Case: 1:13-cv-04910 Document #: 1 Filed: 07/09/13 Page 46 of 63 PageID #:46 Friday, October 01, 2010, 12:02:09 PM

```
CASE: 95C66000001 S   (START OF FELONY CASE)        PAGE: 045 OF  048        PROD
  DEFENDANT NAME: BEN         Y WHITFIELD         LST APPEAL: 10/08/96
122309-
CASE ADVANCED                    122309           0666
MARKHAM                              0900 AM


122309-
HEARING DATE ASSIGNED            123009           0672
     DEF FILES MOTION FOR RECONSIDERATION
MARKHAM                              0900 AM


123009-
PREVIOUS ORDER TO STAND          000000
     PET FOR RECONSIDERATION DENIED POTS-072899
PANICI LUCIANO
MARKHAM ROOM 106


020110-
NOTICE OF NOTICE OF APP MAILED   000000
MARKHAM



ENTER=CONT PF3=RETN PF7=BKW PF8=FRW PF9-APPL PF10=RESET PF12=PRINT CLEAR=EXIT
=> PRINT THE FOLLOWING PAGES PAGE: 001 THRU 048 DESTINATION ____
```

**ATTACHMENT
33**

10-0343

| | |
|---|---|
| 1 | STATE OF ILLINOIS  ) |
| 2 |                  ) SS. |
| | COUNTY OF C O O K  ) |
| 3 | |

4    IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
          COUNTY DEPARTMENT - CRIMINAL DIVISION

5    PEOPLE OF THE                    )
     STATE OF ILLINOIS                )
6                                     )
                                      )
7        vs.                         )  No.   95 C6 60000-01
                                      )
8    BEN YEHUDAH WHITFIELD            )

9

10            REPORT OF PROCEEDINGS had at the hearing

11    of the above-entitled cause, before the Honorable

12    DOUGLAS SIMPSON, Judge of said Court, on the 25th

13    day of September, 2009.

14            PRESENT:

15                HON. ANITA ALVAREZ,
                  State's Attorney of Cook County,
16                    Assistant State's Attorneys,
                  On behalf of the People;

17

18

19

20

21

22    SHIRLEY A. BEALE, CSR.
      Official Court Reporter
23    16501 South Kedzie Pkwy
      Markham, Illinois 60428
24    (708) 232-4410

1

ATTACHMENT
94
Ben Yehudah Whitfield

1

2          THE CLERK:  Ben Whitfield.

3          THE COURT:  Ben Whitfield.  Mail from jail.  On

4    September 8, 2009, Mr. Whitfield filed a petition

5    for habeas corpus alleging a violation in the

6    sentencing of Whitfield -- People vs. Whitfield.

7    Illinois Supreme Court case 217 Ill.2d 177.

8                        I have reviewed the common-law

9    record in this case which indicates defendant was

10   sentenced in Count 3 to 25 years in the Illinois

11   Department of Corrections, credit for 1,695 days

12   time considered served.  I have also reviewed the

13   mittimus on this case which reflects the same

14   sentence that I just delineated.

15                        I have also reviewed a copy of

16   the transcript that I received regarding the plea

17   where in that plea, Judge Nealis did not sentence

18   Mr. Whitfield to 3 years MSR.  However, when he

19   admonished Mr. Whitfield regarding the possible

20   sentence when he pled guilty pursuant to Supreme

21   Court Rule 402, he did admonish Mr. Whitfield of the

22   mandatory supervised release, and that's on page 4

23   of the transcript where he says, and I'm quoting

24   "this is a Class X felony.  A Class X felony, this

ATTACHMENT
35
Benjehhirdah Whitfield

2

1    case carries with it a possible punishment up from 6

2    to 30 years in the Illinois Department of

3    Corrections plus 2 years Mandatory Supervised

4    Release.."

5            I have reviewed, as I said, the

6    transcript and the other matters.  I have also

7    reviewed People vs. Holborow, a 3rd District case --

8    strike that, 4th District case, 382 Ill.App. 3d 852.

9    In that case, it was a post-conviction matter.  In

10   that case, the Court found that there -- strike

11   that.  The facts of that case are there was a docket

12   entry that failed to mention mandatory supervised

13   release.

14           However, during the plea,

15   defendant was admonished of the possibility of the 3

16   years mandatory supervised release.  Those facts are

17   on point with the case that I have in front of me

18   now and the Holborow case, that was a

19   post-conviction case but that post-conviction was

20   properly denied and I find in this case that his

21   petition for habeas corpus is denied.  That the plea

22   admonishments were proper.

23           I'm ordering the clerk to

24   correct the mittimus nunc pro tunc back to July 28,

3

ATTACHMENT
36
BenjeHudah Whitfeld

1    2009 to reflect the plea of 25 years Illinois

2    Department of Corrections plus three years mandatory

3    supervised release, credit for 1,695 days and for

4    the Clerk to notify the defendant and the Department

5    of Corrections of this order.  With that, see draft

6    order, I have drafted an Order to be sent.  Off

7    call.  Thank you.

8            (WHICH WERE ALL THE PROCEEDINGS

9              HAD IN THE ABOVE-ENTITLED CAUSE.)

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

**ATTACHMENT
37**

Benlyfe Herdah Whitfield

4

1        IN THE CIRCUIT COURT OF THE COOK JUDICIAL CIRCUIT

2                       COOK COUNTY, ILLINOIS

3

4

5              I, SHIRLEY A. BEALE, an Official Court

6        Reporter for the Circuit Court of Cook County, Cook

7        Judicial Circuit of Illinois, do hereby certify that

8        I reported in shorthand the proceedings had on the

9        hearing in the above-entitled cause; that I

10       thereafter caused the foregoing to be transcribed

11       into typewriting, which I hereby certify to be a

12       true and accurate transcript of the proceedings had

13       before the Honorable DOUGLAS SIMPSON, Judge of said

14       Court.

15

16                       _____

17                       Official Court Reporter

18                       CSR# 084002576

19

20

21

22       Dated this ___11th___ day

23       of _August 2010_

24

**ATTACHMENT 38**

1   STATE OF ILLINOIS  )

2                      ) SS.

3   COUNTY OF C O O K  )

4

5      IN THE CIRCUIT COURT OF COOK COUNTY
      COUNTY DEPARTMENT - CRIMINAL DIVISION;

6

7   THE PEOPLE OF THE    ]
   STATE OF ILLINOIS,   ]
       vs.        ] No. 95 cC6 60000-01

8               ]
   BEN YEHUDAH WHITFIELD.     ]

9

10                AFFIDAVIT

11

12         I, Lillie L. Davis, an Official Court

13  Reporter of the Circuit Court of Cook County, do

14  hereby certify that I have made a thorough and

15  diligent search of all stenographic notes recorded

16  by me on the 30th day of December  , 2009, before the

17  Honorable LUCIANO PANICI, Judge of said court, and I

18  find no record of proceedings of the above-entitled

19  cause.

20

21      -----------------------------------

22        Lillie L. Davis, CSR, RPR
         Official Court Reporter

23

24

ATTACHMENT
39

No. 10-0343

IN THE APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT

| | |
|---|---|
| PEOPLE OF THE STATE OF ILLINOIS, | ) Appeal from the |
| | ) Circuit Court of Cook |
| Plaintiff-Appellee, | ) County, Criminal Division. |
| | ) |
| v. | ) Circuit No. 95C66000001 |
| | ) |
| BEN WHITFIELD, | ) Honorable |
| | ) Luciano Panici, |
| Defendant-Appellant. | ) Judge presiding. |

## MOTION TO WITHDRAW AS APPOINTED COUNSEL ON APPEAL BASED UPON PENNSYLVANIA v. FINLEY (481 U.S. 551)

The Public Defender of Cook County, Abishi C. Cunningham, Jr., through his assistant,

Lester Finkle, respectfully moves this Honorable Court to grant him leave to withdraw as

appointed counsel on appeal for Ben Whitfield in the above-numbered cause. In support of this

motion, the following is stated:

1. A thorough analysis of the record on appeal resulted in a determination that no

meritorious issues are present.

2. Pursuant to the requirements enunciated in *Pennsylvania v. Finley,* 481 U.S. 551, 107

S. Ct. 1990, 95 L. Ed. 2d 539 (1987), and in accordance with presently accepted practice in the

Appellate Court and in the Office of the Public Defender, a memorandum of fact and law is

submitted in support of this motion.

3. After a jury trial, Mr. Whitfield was convicted of home invasion, residential burglary,

and possession of a stolen motor vehicle. He was sentenced to a total of 40 years in prison. On

appeal, this Court reversed and remanded for a new trial. *People v. Whitfield,* 1-96-3537 (Rule

**ATTACHMENT
40**

23 Order June 19, 1998). After remand, on July 28, 1999, Mr. Whitfield pled guilty to home invasion and was sentenced to 25 years in prison. In the instant matter, Mr. Whitfield filed a *habeas* petition, which was denied on September 25, 2009. A motion to reconsider was denied on December 30, 2009. The notice of appeal was filed February 1, 2010.

4. Mr. Whitfield is in custody, and is residing at Reg. No. N-74277, Menard Correctional Center, 711 Kaskaskia Street, P.O. Box 711, Menard, IL 62259.

5. The undersigned counsel has read the entire record. Counsel has written to Mr. Whitfield and explained the *Finley* procedure to him. Counsel has invited him to file his own response to this *Finley* motion, and has also invited him to call collect or write if he has any questions pertaining to these procedures or the appeals.

WHEREFORE, it is prayed that leave be granted to withdraw as appointed counsel on appeal.

Respectfully submitted,
ABISHI C. CUNNINGHAM, JR.
Public Defender of Cook County

By: _____
Lester Finkle
Assistant Public Defender

Public Defender of Cook County
Attorney for defendant-appellant
69 West Washington Street - 15th Floor
Chicago, IL   60602
312.603.0600

ATTACHMENT
41

## CERTIFICATION OF ATTORNEY

Under penalties as provided by law pursuant to Section 1-109 of the Code of Civil Procedure [735 ILCS 5/1-109], the undersigned, Lester Finkle, certifies that the statements set forth in this instrument are true and correct, except as to matters therein stated to be on information and belief and as to such matters the undersigned certifies as aforesaid that he verily believes the same to be true.

_____
Lester Finkle

**ATTACHMENT 42**

No. 10-0343

---

## IN THE APPELLATE COURT OF ILLINOIS
## FIRST JUDICIAL DISTRICT

---

| | |
|---|---|
| PEOPLE OF THE STATE OF ILLINOIS, | ) Appeal from the |
| | ) Circuit Court of Cook |
| Plaintiff-Appellee, | ) County, Criminal Division. |
| | ) |
| v. | ) Circuit No. 95C66000001 |
| | ) |
| BEN WHITFIELD, | ) Honorable |
| | ) Luciano Panici, |
| Defendant-Appellant. | ) Judge presiding. |

---

### NOTICE OF MOTION

TO:  Anita Alvarez, Cook County State's Attorney, 309 Daley Center, Chicago, IL 60602
Ben Whitfield, Reg. No. N-74277, Menard Correctional Center, 711 Kaskaskia
Street, P.O. Box 711, Menard, IL 62259

PLEASE TAKE NOTICE that on August 6, 2010, I filed in the Office of the Clerk of the Appellate Court of Illinois, First District, the attached motion and affidavit.

ABISHI C. CUNNINGHAM, JR.
Public Defender of Cook County

By: _____
Lester Finkle
Assistant Public Defender

### PROOF OF SERVICE

I, Lester Finkle, the attorney for defendant-appellant, certify that on the 6th day of August, 2010, I caused this notice to be delivered personally to the State's Attorney as indicated above, and by mailing a copy to the above-addressed parties by depositing the same in the U. S. Mail at 69 West Washington,  with proper postage prepaid.

_____
Lester Finkle

**ATTACHMENT
43**

No. 10-0343

IN THE APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT

| PEOPLE OF THE STATE OF ILLINOIS, | ) Appeal from the |
|---|---|
| | ) Circuit Court of Cook |
| Plaintiff-Appellee, | ) County, Criminal Division. |
| | ) |
| v. | ) Circuit No. 95C66000001 |
| | ) |
| BEN WHITFIELD, | ) Honorable |
| | ) Luciano Panici, |
| Defendant-Appellant. | ) Judge presiding. |

## BRIEF IN SUPPORT OF MOTION TO WITHDRAW AS COUNSEL ON APPEAL PURSUANT TO PENNSYLVANIA v. FINLEY

### NATURE OF THE CASE

After a jury trial, Mr. Whitfield was convicted of home invasion, residential burglary, and possession of a stolen motor vehicle. He was sentenced to a total of 40 years in prison. On appeal, this Court reversed and remanded for a new trial. *People v. Whitfield*, 1-96-3537 (Rule 23 Order June 19, 1998). After remand, on July 28, 1999, Mr. Whitfield pled guilty to home invasion and was sentenced to 25 years in prison. (CLR 3, 28) In the instant matter, Mr. Whitfield filed a *habeas* petition (CLR 39-45), which was denied on September 25, 2009 (CLR 52). A motion to reconsider (CLR 54-57) was denied on December 30, 2009 (CLR 3). Although the notice of appeal was stamped as being filed February 1, 2010 (CLR 59), the Clerk of the Circuit Court of Cook County issued a formal document that the notice of appeal was received on January 20, 2010, rendering the appeal timely. (CLR 64).

### STATEMENT OF FACTS

Page 1

**ATTACHMENT 44**

The underlying facts of the original prosecution were delineated by this Court in the initial direct appeal. *People v. Whitfield*, 1-96-3537 (Rule 23 Order June 19, 1998).

Pertinent to the current appeal, Mr. Whitfield alleged in his habeas petition that he was sentenced to 25 years in prison for home invasion (as well as an additional 3 years in prison for an unrelated aggravated battery). (CLR 40) He alleged that his due process rights were violated because he would have to serve an additional sentence of mandatory supervised release (MSR) after the conclusion of his prison term. (CLR 41-42) In light of *People v. Whitfield*, 217 Ill.2d 177, 840 N.E.2d 658 (2005), he did not receive the benefit of the bargain, and his continued imprisonment is unconstitutional. (CLR 42-44)

In a written order, the trial court ruled that the petition was denied, that the plea admonishments were proper, and that the mittimus was corrected to reflect a sentence of 25 years in prison, plus 3 years MSR, with credit for 1,695 days in custody. (CLR 52) A later motion to reconsider was denied. (See CLR 3) This appeal followed.

## DENIAL OF HABEAS PETITION TO STRIKE MSR

The Habeas Corpus Act outlines specific circumstances in which a petition for *habeas corpus* should be granted. See 735 ILCS 5/10-124. The purpose of the writ of *habeas corpus* is to obtain the release of persons illegally restrained of their liberty. *People ex rel. McGee v. Hill*, 350 Ill. 129, 183 N.E. 17 (1932). A writ of *habeas corpus* is available only to obtain the release of a person who has been imprisoned by a court that lacked subject matter or personal jurisdiction, or where some occurrence after the prisoner's conviction entitles him to release. *Schlemm v. Cowen*, 323 Ill. App. 3d 318, 752 N.E.2d 647 (4th Dist. 2001). The remedy of *habeas corpus* is not available to review errors of a non-jurisdictional nature, though they involve

ATTACHMENT
45

claims of denial of constitutional rights. *People v. Cobb*, 8 Ill. App. 3d 1081, 290 N.E.2d 610 (2d Dist. 1972).

The underlying argument to Mr. Whitfield's petition is that MSR is unconstitutional. Assuming he is entitled to immediate release, a valid *habeas* petition was filed. In addition, as was alleged, *People v. Whitfield*, 217 Ill.2d 177, 840 N.E.2d 658 (2005), relied on contract principles to hold that if a defendant pleads guilty but was misinformed about the imposition of MSR, then the plea itself was not knowing and voluntary. The proper remedy crafted by the Supreme Court was to give a defendant the benefit of the bargain and reduce the prison term to incorporate the MSR term.

Unfortunately for Mr. Whitfield, the Illinois Supreme Court recently examined whether the *Whitfield* decision should be applied retroactively, and determined that it should not. In *People v. Morris*, 236 Ill. 2d 345, 925 N.E.2d 1069 (2010), the Court ruled that *Whitfield* created a new rule of law (236 Ill. 2d at 360), that this rule did not "represent a watershed rule of criminal procedure that requires retroactive application to cases on collateral review" (236 Ill. 2d at 363-364), and that, "Accordingly, we hold that the new rule announced in *Whitfield* should only be applied prospectively to cases where the conviction was not finalized prior to December 20, 2005, the date *Whitfield* was announced." 236 Ill. 2d at 366.

Since Mr. Whitfield's conviction was final 30 days after he pled guilty on July 28, 1999, it was also final prior to December 20, 2005, when the *Whitfield* decision was issued. Illinois has ruled that the decision does not have retroactive application. Thus, there is no meritorious argument to be made on appeal.

ATTACHMENT
46

## CONCLUSION

For all the reasons stated above, the Office of the Public Defender of Cook County respectfully requests that it be allowed to withdraw from representing the defendant in this appeal.

Respectfully submitted,

ABISHI C. CUNNINGHAM, JR.
Public Defender of Cook County
69 West Washington Street
15th Floor
Chicago, IL   60602
312.603.0600

Counsel for appellant.

Lester Finkle,
Assistant Public Defender

Of Counsel.

ATTACHMENT
47

No. 10-0343

## IN THE APPELLATE COURT OF ILLINOIS
### FIRST JUDICIAL DISTRICT

| | |
|---|---|
| PEOPLE OF THE STATE OF ILLINOIS, | ) Appeal from the |
| | ) Circuit Court of Cook |
| Plaintiff-Appellee, | ) County, Criminal Division. |
| | ) |
| v. | ) Circuit No. 95C66000001 |
| | ) |
| BEN WHITFIELD, | ) Honorable |
| | ) Luciano Panici, |
| Defendant-Appellant. | ) Judge presiding. |

### ORDER

Upon motion of the Cook County Public Defender, counsel for Defendant-Appellant, and the Court being fully advised in the premises,

IT IS HEREBY ORDERED that the motion to withdraw, based on *Pennsylvania v. Finley,* is taken under advisement.

LESTER FINKLE
Assistant Public Defender

ABISHI C. CUNNINGHAM, JR.
Public Defender of Cook County

Attorney for:  Defendant-Appellant

Address:  69 West Washington Street

City:  Chicago, Illinois 60602

Telephone:  312.603.0600

_____
Justice

_____
Justice

_____
Justice

STEVEN M. RAVID, CLERK OF THE APPELLATE COURT
FIRST DISTRICT

ATTACHMENT
48

FINLEY

**NOTICE**
The text of this order may
be changed or corrected
prior to the time for filing of
a Petition for Rehearing or
the disposition of the same.

THIRD DIVISION
December 8, 2010

10  DEC 10  F340

APPE...

No. 1-10-0343

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT

| | | |
|---|---|---|
| BEN (a/k/a BENYEHUDAH) WHITFIELD, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellant, | ) | Cook County. |
| | ) | |
| v. | ) | |
| | ) | |
| | ) | No. 95 C6 60000 |
| MICHAEL P. RANDLE (Director of Illinois | ) | |
| Department of Corrections); and DONALD | ) | |
| D. GAETZ (Chief Executive Officer of | ) | |
| Menard Correctional Center, | ) | |
| | ) | Honorable |
| | ) | Paul J. Nealis, |
| Defendant-Appellees. | ) | Judge Presiding. |

O R D E R

Pursuant to his guilty plea, defendant Ben (or BenYeHudah) Whitfield was convicted of home invasion and sentenced to 25 years' imprisonment.[1]  Defendant now appeals from the denial of his *pro se habeas corpus* petition.

The public defender of Cook County, who represents defendant on appeal, has filed a motion for leave to withdraw as appellate counsel.  A brief in support of the motion has been submitted pursuant to Pennsylvania v. Finley, 481 U.S. 551, 95 L. Ed. 2d

---

[1]Defendant was initially convicted in a jury trial of two counts of home invasion and one count each of residential burglary and possession of a stolen motor vehicle, with concurrent 40 and 6 year prison sentences.  However, we reversed the convictions and remanded for a new trial.  People v. Whitfield, No. 1-96-3537 (1998)(unpublished order under Supreme Court Rule 23).  Upon remand, defendant pled guilty as stated.

ATTACHMENT
49

1-10-0343

539, 107 S. Ct. 1990 (1987), in which counsel states that he has reviewed the record and concluded that no meritorious issues are present in this case. Copies of the brief and motion were sent to defendant, who was advised that he might submit any points in support of his appeal. Defendant has responded.

We have carefully reviewed the record in this case, defendant's responses, and the aforementioned brief, and we agree with counsel's conclusion. Therefore, the motion of the public defender of Cook County for leave to withdraw as counsel is allowed and the judgment of the circuit court is affirmed.

Affirmed.

MURPHY, J., with NEVILLE and STEELE, JJ., concurring.

ATTACHMENT
50