# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| BENYEHUDA WHITFIELD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 13 CV 4910 |
| v. ) | |
| ) | Hon. Charles R. Norgle |
| LESTER FINCKLE, et al., ) | |
| ) | |
| Defendants. ) | |

## ORDER

Honorable Judges Luciano Panici's and Douglas Simpson's Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6) [30] is granted. Motion of Defendants Lester Finkle, Cook County Public Defender's Office, and Cook County to Dismiss Plaintiff's Complaint [32] is granted. The parties shall timely submit a Bill of Costs consistent with Local Rule 54.1.

## STATEMENT

Plaintiff Benyehuda Whitfield ("Plaintiff") sues Defendants the Honorable Luciano Panici ("Judge Panici"), the Honorable Douglas Simpson ("Judge Simpson"), Assistant Cook County Public Defender Lester Finkle ("Finkle"), the Cook County Public Defender's Office, and Cook County (collectively, "Defendants") pursuant to 42 U.S.C. § 1983 for alleged constitutional violations, as well as state law claims. Before the Court are Defendants' motions to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). For the following reasons, Defendants' motions are granted.

To survive a motion to dismiss under Rule 12(b)(6), a plaintiff's complaint "must actually *suggest* that the plaintiff has a right to relief, by providing allegations that raise a right to relief above the speculative level." Indep. Trust Corp. v. Stewart Info. Servs. Corp., 665 F.3d 930, 935 (7th Cir. 2012) (internal quotation marks and citation omitted). The Court accepts "all well-pleaded allegations of the complaint as true and view[s] them in the light most favorable to the plaintiff." Id. at 934 (internal quotation marks and citation omitted). A plaintiff, however, can plead himself out of court by "pleading facts that show that he has no legal claim." Atkins v. City of Chi., 631 F.3d 823, 832 (7th Cir. 2011) (citations omitted).

Plaintiff was arrested and charged with home invasion in Illinois state court on December 7, 1994. On July 28, 1999, Plaintiff entered into a plea agreement with the state, wherein he agreed to a sentence of twenty-five years in the Illinois Department of Corrections ("IDOC") in exchange for his plea of guilty. This charge carried with it a three-year term of mandatory supervised release ("MSR") pursuant to statute. In addition, on October 2, 1996, Plaintiff entered into a separate plea agreement with the state on an unrelated charge of aggravated battery, wherein he agreed to plead guilty to that charge in exchange for a three-year sentence in

the IDOC. Once Plaintiff served his twenty-eight year term, he was informed that he needed to serve his three-year term of MSR, of which he claims that he was previously unaware.

On September 8, 2009, Plaintiff filed a habeas corpus petition in the Circuit Court of Cook County, challenging the constitutionality of his MSR term. Plaintiff claimed that the MSR term violated the terms of his plea agreement because he was not advised of this requirement at the time of his change of plea. Plaintiff's case was assigned to Judge Simpson, who denied Plaintiff's petition on September 25, 2009. Judge Simpson concluded that, although Plaintiff was not admonished of the three-year MSR term, he nevertheless had to serve the statutory requirement. Judge Simpson amended Plaintiff's sentencing order *nunc pro tunc* to reflect the required MSR period. Plaintiff then filed a motion to reconsider which was assigned to Judge Panici. Judge Panici denied the motion on September 30, 2009.

Shortly thereafter, on January 20, 2010, Plaintiff appealed the order denying his habeas corpus petition and the order denying his motion for reconsideration to the Illinois Appellate Court. Finkle was appointed to represent him on appeal. After reviewing the case, however, Finkle filed a brief pursuant to Pennsylvania v. Finley, 481 U.S. 551 (1987), alleging that Plaintiff lacked a meritorious argument on appeal. Plaintiff filed a reply brief, but the Illinois Appellate Court granted Finkle's motion to withdraw on December 8, 2010, and dismissed Plaintiff's appeal, finding that no meritorious issues could be presented.

On July 9, 2013, Plaintiff initiated the instant action against Defendants for their involvement in above-mentioned proceedings. After Plaintiff paid the required filing fee, his Complaint was filed on November 13, 2013. Defendants argue that Plaintiff's Complaint should be dismissed, *inter alia*, for failure to file within the two-year statute of limitations which applies to his claims. "A statute of limitations provides an affirmative defense, and a plaintiff is not required to plead facts in the complaint to anticipate and defeat affirmative defenses. But when a plaintiff's complaint nonetheless sets out all of the elements of an affirmative defense, dismissal under Rule 12(b)(6) is appropriate." Indep. Trust Corp., 665 F.3d at 935. In § 1983 cases filed in Illinois, courts borrow the two-year statute of limitations for Illinois personal-injury suits. Shropshear v. Corp. Counsel of City of Chi., 275 F.3d 593, 594 (7th Cir. 2007). Because the actions of which Plaintiff complains occurred at the latest on December 8, 2010 when his appeal was dismissed, the statute of limitations expired on December 8, 2012. Plaintiff did not file the instant suit until well into 2013, and thus, his claims are barred by the two-year statute of limitations. Accordingly, Defendants' motions to dismiss are granted. The parties shall timely submit a Bill of Costs consistent with Local Rule 54.1.

IT IS SO ORDERED.

ENTER:

_____
CHARLES RONALD NORGLE, Judge
United States District Court

DATE: May 12, 2014